UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| TRIYONE WILLIAMSON, and CAMRON CHANEY, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CV425-011 ) |
| CHATHAM COUNTY DETENTION CENTER, *et al.*, | ) ) ) |
| Defendants. | ) |

## ORDER AND REPORT AND RECOMMEDNATION

On January 13, 2025, the Clerk received a 42 U.S.C. § 1983 Complaint. Doc. 1. The Complaint lists two plaintiffs, Triyone Williamson and Camron Chaney. *See id.* at 1, 4. The allegations in the Complaint do not refer, explicitly, to either Williamson or Chaney. *See id.* at 5. The Complaint is signed by Williamson alone. *Id.* at 6. Finally, only Williamson has moved to proceed *in forma pauperis* ("IFP"). Doc. 2. After reviewing Williamson's application, it appears that he has sufficient resources to prepay the filing fee. Accordingly, Williamson's request to proceed *in forma pauperis* should be **DENIED**. Doc. 2.

Additionally, the Court must address the odd posture of Williamson's co-Plaintiff Chaney.

As indicated above, Camron Chaney's status in this case is somewhat ambiguous. He is clearly listed as a joint plaintiff. However, the allegations are stated in the first-person singular, *i.e.* "I," and relate to an alleged injury suffered by the author. *See* doc. 1 at 5. They do not, therefore, indicate any obvious relation to any other party. The Court assumes that the author of the allegations is Williamson, who signed the Complaint. *See id.* at 6. Thus, it is unclear what claim Chaney asserts in this case. Moreover, even if he did assert some claim, the Eleventh Circuit has held that the Prison Litigation Reform Act's requirement that "each prisoner pay the full filing fee" precludes permissive joinder of multiple plaintiffs in a single case. *Hubbard v. Haley*, 262 F.3d 1194, 1197-98 (11th Cir. 2001) (citations omitted). Accordingly, it appears that, to the extent that Chaney intended to join this case at all, that joinder is improper. He, or Williamson, must, therefore, clarify his status. Within the fourteen-day objection period for Williamson to respond to the Court's recommendation concerning his IFP motion, he is **DIRECTED** to

respond and **SHOW CAUSE** why Chaney should not be dismissed as a plaintiff in this case.

Williamson's request to proceed IFP shows that he has sufficient funds to pay the Court's filing fee. He discloses that, although he only has $97 in his prison trust account, he has had approximately $1,150 in deposits to that account over the past six months. Doc. 2 at 2. He also discloses that he has approximately $2,000 in an electronic account, *i.e.* "Cash App," $3,000 in a savings account, and a monthly income of $300 from an inheritance. *Id.* Given that, while incarcerated, Williamson has no living expenses, it appears that he has sufficient discretionary assets and income to pay the required filing fee.

While a plaintiff need not be absolutely destitute in order to proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), the fact that financing her own litigation may cause some difficulty is not sufficient to relieve a plaintiff of her obligation to pay her own way where it is possible to do so without undue hardship. *Thomas v. Secretary of Dep't of Veterans Affairs*, 358 F. App'x 115, 116 (11th Cir. 2009) (the Court has wide discretion in ruling on IFP application, and should grant the privilege "sparingly" in civil cases for damages). Two important

points must be underscored.  First, proceeding IFP is a privilege, not an entitlement.  *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993).  Second, courts have discretion to afford litigants IFP status; it is not automatic.  28 U.S.C. § 1915(a)(1) (courts "*may* authorize the commencement" of IFP actions); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items); *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (the decision of whether to grant or deny IFP status under 28 U.S.C. § 1915 is discretionary).  Given that it appears that Williamson has sufficient discretionary income and available funds to pay the Court's filing fee, he is not indigent.  Accordingly, his application to proceed *in forma pauperis* should be **DENIED**.[1]  Doc. 2.  Should the assigned district

---

[1]  If Plaintiff believes the Court has misconstrued his financial situation, his opportunity to object to this Report and Recommendation, discussed below, provides him an opportunity to clarify it.  He is reminded that any submission regarding his finances must be truthful.  To the extent that Williamson wishes to clarify his financial condition, he is **DIRECTED** to complete Form AO 239 (Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)).  The Clerk

judge agree with this recommendation, Plaintiff should be afforded 21 days from the date of the district judge's order to pay the filing fee. *See* S.D. Ga. L. Civ. R. 4.2(2).

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

---

is **DIRECTED** to send Williamson a blank copy of Form AO 239 with this Report and Recommendation for his convenience. To the extent that he wishes to amend any of his prior disclosures, he must also explain why he did not fully or accurately disclose the information on his first application.

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 21st day of January, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA